# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## MYERS v. COMMONWEALTH.

### June 14th, 1894.

1. CRIMINAL PROCEEDINGS—*Continuance.*—At a murder trial the motion of accused for a continuance on the ground that an absent person, who had not been summoned, would, it was rumored, testify that one of the commonwealth's numerous witnesses present at the homicide, was an ex-convict, was overruled : *held*, no error.
2. IDEM—*Homicide—Burden of proof.*—A homicide is presumed by the law to be murder in the second degree, and if accused would lower the crime below that grade, the burden of proof is on him.

Error to judgment of circuit court of Lee county, refusing a writ of error and *supersedeas* to a judgment of the county court of said county, rendered April 20, 1893, whereby the plaintiff in error, Houston Myers, was sentenced to the penitentiary for five years for the murder in the second degree of John Lawson. Opinion states the case.

*Jackson & Blankenship*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error killed the deceased John Lawson with a pistol, and after shooting him in the belly, shot again and wounded him, and was about to shoot again apparently, when his pistol was wrenched from his hand.

The shooting was wholly without provocation, the offence given being unworthy of the name—requesting him to keep quiet and not use profane language, as ladies were near.

The palliation to excuse set up is that the plaintiff in error was drunk. But he was not so drunk as to be unconscious or insensible. The jury rendered a verdict of murder in the second degree and fixed the imprisonment at five years.

The accused moved the court to set aside the verdict and grant him a new trial, which motion the court overruled, and rendered judgment according to the verdict.

The defendant applied for a writ of error to the circuit court of Lee county which was refused, whereupon the case was brought to this court by writ of error.

The first error assigned is the action of the court in refusing a continuance on the ground that a witness was absent who would prove that one of the commonwealth's witnesses was an ex-convict in the Tennessee penitentiary. The witness not summoned had not been even seen by the affiant who undertook to establish his materiality, and the whole fabric being built upon an alleged rumor. There was no valid ground for a continuance if all could have been established as stated, and the witness John Lee had been excluded. There were numerous witnesses who saw the whole transaction of the shooting and who proved as much as Lee.

Second assignment is that the court erred in the instructions given; but the instructions are in no wise erroneous. They are in accordance with well settled principles.

Third assignment is that the evidence did not justify the verdict, and that the trial court erred in its action in refusing to set aside the verdict for that cause, and not granting a new trial to the accused.

A homicide is presumed by the law to be murder in the second degree, and if the accused would lower the crime below that grade, the burden of proof is on him. In this case he defends on the ground that he had in years gone by, and not nearer to the crime than two years, had fits.

Opinion.

The evidence shows that the verdict was not excessive, but supported by the proofs. The jury did right in not finding murder in the first degree under the circumstances, but the verdict of murder in the second degree is right, and the county court did not err in refusing to set it aside. There was no error in the judgment of the said county court, and the action of the circuit court in refusing a writ of error thereto was without error, and must be affirmed.

·JUDGMENT AFFIRMED.